IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CRAIG W. CHURCHILL,

    Petitioner,

v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:21-CV-532
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Return of Writ and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that this action be **DISMISSED**.

### I.    BACKGROUND

Petitioner challenges his convictions pursuant to his guilty plea in the Muskingum County Court of Common Pleas on felonious assault, domestic violence, and violation of a protection order. On March 21, 2018, the trial court imposed an aggregate sentence of nine years' incarceration to be followed by three years of post-release control. (*Entry*, ECF No. 6, PAGEID # 33-35.) Petitioner did not file a timely appeal. On November 16, 2018, he filed a Motion for Leave to File a Delayed Appeal, stating that he did not file a timely appeal because he had not been informed of his appellate rights. (PAGEID # 36-38.) On December 17, 2018, the appellate court denied Petitioner's motion for a delayed appeal. (*Judgment Entry*, ECF No. 6, PAGEID # 43.) On April 3, 2019, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (*Entry*, ECF No. 6, PAGEID # 52.)

On February 1, 2021, Petitioner executed this habeas corpus petition. (*Petition*, ECF NO. 1, PAGEID # 8.) He asserts that the state appellate court unconstitutionally denied his motion for a delayed appeal, thereby depriving him of his right to appeal. Respondent maintains that this action should be dismissed as time-barred, and that Petitioner's claim is not cognizable and without merit.

## II.     STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*.

Here, as discussed, Petitioner's sole claim for relief challenges the constitutionality of the state appellate court's denial of his motion for a delayed appeal. The statute of limitations began

2

to run on this clam under the provision of § 2244(d)(1)(D) on December 17, 2018, when the appellate court denied Petitioner's motion for a delayed appeal. *Sexton v. Wainwright*, 968 F.3d 607, 614 (6th Cir. 2020). "Discovery of that predicate obviously cannot occur [until] the denial occurs." *Brown v. Warden, Noble Corr. Inst.*, No. 2:20-CV-1295, 2020 WL 6606109, at *1 (S.D. Ohio Nov. 12, 2020) (quoting *Duett v. Warden*, No. 1:19-cv-725, 2020 WL 4933892, at *3 (S.D. Ohio Aug. 24, 2020). "Thus, a habeas petition brought within one year of the denial of a motion for a delayed appeal will be timely under the provision of 28 U.S.C. § 2244(d)(1)(D)." *Id*. (citing *Duett*, 2020 WL 4933892, at *3) (citing *Sexton,* 968 F.3d at 613). Assuming, to Petitioner's benefit, his timely appeal to the Ohio Supreme Court further tolled the running of the statute of limitations under § 2244(d)(2), the statute of limitations began to run on April 4, 2019, and expired one year later, on April 4, 2020. Petitioner waited approximately ten months, until February 1, 2021, to execute this habeas corpus petition.

Additionally, Petitioner does not allege, and the record does not reflect, any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *See Holland v. Florida,* 560 U.S. 631, 649 (2010) (To obtain equitable tolling of the statute of limitations, a litigant must establish that he has been diligently pursued relief and that some extraordinary circumstance stood in his way of timely filing) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

### III.  DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE